1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  LINA PENG (NYBN 5150032)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7224
7       FAX: (415) 436-7027
        Lina.Peng@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 19-CR-00398 WHA |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| WILMER LAINEZ, | |
| Defendant. | |

On August 22, 2019, an Indictment was filed in the Northern District of California charging the defendant, Wilmer Lainez, with one count of violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl. The defendant made his initial appearance and was arraigned on his Indictment in the Northern District of California on August 26, 2019, and the Court held a detention hearing on August 28, 2019.

At the detention hearing, the defendant was present and represented by Assistant Federal Public Defender Sophia Whiting. A United States Pretrial Services Agency Officer was also present at the hearing. Pretrial Services submitted a report that recommended detention on the grounds of risk of non-appearance and danger to the community. The government moved for detention, and the defendant opposed. The parties submitted proffers and arguments.

1    Upon consideration of the court file and the parties' proffers at the detention hearing, the Court
2 finds by a preponderance of the evidence that no combination of conditions will reasonably assure the
3 defendant's appearance as required and by clear and convincing evidence that no condition or
4 combination of conditions will reasonably assure the safety of the community.  Accordingly, the Court
5 orders the defendant detained pending trial.
6    This Order supplements the Court's findings at the detention hearing and serves as written
7 findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).
8    The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining
9 whether pretrial detention is warranted.  In coming to its decision, the Court has considered those
10 factors, paraphrased below:
11        (1)  the nature and seriousness of the offense charged;
12        (2)  the weight of the evidence against the person;
13        (3)  the history and characteristics of the person including, among other considerations, ties to
14            the community, employment, past conduct and criminal history, and record of court appearances;
15            and,
16        (4)  the nature and seriousness of the danger to any person or the community that would be posed
17            by the person's release.
18 See 18 U.S.C. § 3142(g).
19    After considering all of the facts and proffers presented at the hearing, including the information
20 contained in the Pretrial Services report, the Court finds, by a preponderance of the evidence, that no
21 condition or combination of conditions will reasonably assure the defendant's appearance as required
22 and, by clear and convincing evidence, that no condition or combination of conditions will reasonably
23 assure the safety of the community, including because of: (1) the defendant's history and characteristics,
24 including that he is a Honduran national without legal status in the United States, he has been previously
25 deported from the United States, he has significant family ties to Honduras including that his mother,
26 father and siblings live there, and he appears to have limited ties to the Northern District of California;
27 (2) the nature and circumstances of the offense charged, including that the defendant is facing a serious
28 federal charge for possession with intent to distribute fentanyl; (3) the defendant's criminal history,

including his repeated arrests for drug offenses in San Francisco and recent violation of a court stay-away order stemming from another drug arrest in San Francisco, which demonstrates the risk that the defendant will continue similar conduct if released; and (4) the lack of suitable sureties.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

September 3, 2019
~~August_____, 2019~~

HON. THOMAS S. HIXSON
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
19-CR-00398 WHA